IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-2361-P-BN |
| | § | |
| CITY OF DALLAS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Steven Jackson has filed a civil action alleging that Defendant discriminated against him on the basis of race and disability and retaliated against him for challenging discriminatory practices. For the reasons stated herein, this case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**Background**

On June 21, 2013, Plaintiff tendered a one-page complaint with attachments to the district clerk and filed an application to proceed *in forma pauperis*. *See* Dkt. Nos. 3 & 4. Because the information provided by Plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. *See* Dkt. No. 8.

Plaintiff's entire complaint reads: "charge of discrimination[.]" *See* Dkt. No. 3 at 1. Plaintiff also attached to his complaint the Charge of Discrimination presented to

-1-

the Equal Employment Opportunity Commission. *See id.* at 2-5.

The undersigned magistrate judge served written interrogatories on Plaintiff in order to obtain additional information the factual basis of his suit. *See* Dkt. No. 8. Plaintiff was warned that the failure to answer the interrogatories within 20 days "may result in the dismissal of the complaint for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)." *Id.* at 1. The questionnaire was returned to the Court as undeliverable and re-sent to the proper address on July 8, 2013. *See* Dkt. No. 9. Plaintiff did not respond to the Court's interrogatories.

On August 2, 2013, the Court re-sent the questionnaire and ordered Plaintiff to respond by August 22, 2013. *See* Dkt. No. 10. Once again, Plaintiff was admonished that "failure to comply with this Order may result in imposition of sanctions, including dismissal of the action for want of prosecution." *Id.* at 1-2. Plaintiff has failed to respond to the questionnaire.

The Court now concludes that this case should be dismissed without prejudice pursuant to Rule 41(b).

## Legal standards

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. *See* FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80

(5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

## Analysis

The Court sent written interrogatories to Plaintiff nearly two months ago. Plaintiff has not answered the interrogatories despite repeated warnings that his failure to do so would result in the dismissal of the case. The Court must obtain additional information about the factual basis of this suit in order to screen the complaint and determine whether process should be issued to the Defendant. The inability to proceed with this litigation is directly attributable to Plaintiff's failure to provide the information requested. Dismissal is warranted under these circumstances. *See Wiggins v. Management and Training Corp.,* No. 3:03-cv-1547-L, 2003 WL 22259080, at *1 (N.D. Tex. Sept. 25, 2003), *rec. adopted,* 2003 WL 22415739 (N.D. Tex. Oct. 20, 2003) (dismissing complaint for failure to answer written interrogatories); *accord Champagne v. Zoley*, No. 3:08-cv-2264-D, 2009 WL 980138 (N.D. Tex. Apr. 10, 2009).

## Recommendation

This case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 28, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE